Arkell Safety Bag Co. et al. v. United States

**No. 5061.**—Invoices dated Gothenburg, Sweden, June 21, 1932, etc.
Entered at New York, July 5, 1932, Portland, Maine. May 12, 1933, Philadelphia, Pa., November 4, 1938, etc.
Entry Nos. 700957, 70109, 3350, etc.

(Decided December 5, 1940)

*Sharretts & Hillis* (*Arthur L. Tallman* of counsel) for the plaintiffs.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

Kincheloe, Judge: These appeals to reappraisement listed in schedule A, attached to my decision herein and made a part hereof, all of which were consolidated for the purposes of trial by consent of the parties, involve the proper dutiable value of certain machine-glazed Kraft paper imported from Sweden.

At the trial it was stipulated between counsel for the respective parties in substance as follows:

(1) That the paper covered by the instant appeals to reappraisement is the same in all material respects as that which was the subject of the decision in the case of *Arkell Safety Bag Co.* v. *United States*, Reap. Dec. 4670.

(2) That the record in said case may be incorporated herein.

(3) That there is no foreign value for the paper in question.

Plaintiffs introduced the testimony of one George Fredson Baine, a salesman of the Borregaard Co., Incorporated, who had appeared as a witness on behalf of the plaintiff in the *Arkell Safety Bag Co.* case, *supra*. Said witness testified that he prepared a schedule, which was offered in evidence and admitted as exhibit 1 herein, setting forth the freely offered prices of the merchandise in question at the times of exportation thereof; and that said freely offered prices were the c. i. f. prices, ports of entry, subject to a 2 per centum cash discount, and included amounts for inland freight, ocean freight, dock dues, wharfage, and insurance premium.

In the *Arkell Safety Bag Co.* case, *supra*, the record in which case has been incorporated herein, it was found that the foreign market for machine-glazed Kraft paper, such as or similar to that involved therein, was a controlled market subject to conditions and restrictions fixed by a cartel agreement between wholesalers and dealers; that there was no foreign-market value, within the meaning of such value

as defined in section 402 (c) of the Tariff Act of 1930, for such or similar merchandise; that the proper basis of appraisement for said merchandise was export value, within the judicial interpretation of said value for tariff purposes; that all of the sales of said paper were negotiated to American importers without any restriction or condition upon the American purchaser, either as to use or quantity; and that the price for said merchandise was the same regardless of the quantity purchased.

On the basis of the entire record before me I find the following facts:

(1) That the merchandise in question consists of machine-glazed Kraft paper imported from Sweden.

(2) That the foreign market, at the times of exportation of the instant merchandise, for such or similar merchandise was a controlled market.

(3) That there was no foreign-market value, as such value is defined in section 402 (c) of the Tariff Act of 1930, for the instant merchandise at the times of exportation thereof.

(4) That the proper basis of appraisement for said merchandise is export value, as such value is defined in section 402 (d) of said act and as legally interpreted in the *Arkell Safety Bag Co.* case, *supra*.

(5) That such dutiable export values of said merchandise are the freely offered prices set forth on schedule B, hereto attached and made a part hereof, less 2 per centum cash discount, inland freight, ocean freight, dock dues, wharfage, and insurance premium, as invoiced.

I hold as matter of law that the correct dutiable values of the instant merchandise are the export values as set forth in fact (5). Judgment will be rendered accordingly.